ZADOC BISHOP *et al. vs.* SAMUEL WHITE *et al.*

Penobscot.   Decided March 27, 1878.

*Contract.*

Neal cut and hauled logs for the defendants, for which they agreed to pay him $5 per M. The plaintiffs afterwards agreed to cut, haul and drive logs for the defendants, at $7 per M (for some and $6.50 for others,) a million feet with what Neal hauled and to carry out the trade with Neal, one-half the logs to be hauled by the M for the defendants, the other half, the defendants to pay stumpage on and own. *Held,* that the logs cut by Neal are to be included in and treated as the logs cut by the plaintiffs, both as to the amount to be paid for cutting, hauling and driving, and the proportion to be owned by each party.

ON EXCEPTIONS AND MOTION of defendants.

ASSUMPSIT, on the following contract, dated November 24, 1869, and signed by the parties:

"Bishop & Muzzey, on their part, agree to go on townships Nos. 7 and 8, on Pleasant brook, and cut and haul and drive into the Mattawamkeag stream, pine logs for seven dollars and 50-100,

and spruce, cedar, hackmatack and ash for six dollars and 50-100, per M feet. Bishop & Muzzey agree not to haul or interfere with any timber that Wm. A. Farrar may want to haul into the Inlet; also to carry out the trade that White & Hodgdon have made with John H. Neal to cut and haul logs on Pleasant brook. Bishop & Muzzey agree to cut, haul and drive into the Matta-wamkeag one million feet or more, with what John H. Neal hauls. One-half of said logs are to be hauled by the thousand for said White & Hodgdon; the other half Bishop & Muzzey are to pay stumpage on and own. Said logs are to be cut under and agreeable to permit from T. W. Baldwin to White & Hodgdon.

"White & Hodgdon, on their part, agree to pay said Bishop & Muzzey six dollars on the pine and five dollars on spruce, cedar, hackmatack and ash, per M feet, for one-half of said logs, when they are done hauling, the balance when they are delivered in Mattawamkeag; and all goods and money said White & Hodgdon may furnish said Bishop & Muzzey, they shall pay said White & Hodgdon for interest and commission twelve per cent. White & Hodgdon agree to furnish said Bishop & Muzzey goods and money to haul one-half of the above named logs for the above named twelve per cent, Bishop & Muzzey to deliver said logs in the Mattawamkeag for the above named price, free from all incumbrance except stumpage."

The defendants contended at the trial that the hauling of the logs, hauled by Neal before the mark was changed, was to be settled for upon the same basis as the other logs covered by the contract, and that the plaintiffs and the defendants had the same interest and rights therein as in the other logs. But the plaintiffs contended that, as to those logs, they could recover for the hauling just as Neal could have recovered therefor. And the presiding justice instructed the jury thus: "Neal having hauled by the thousand a quantity of logs marked with the general mark of logs belonging to the defendants, to wit: 'H V,' etc., and differing from the mark adopted for the use of the plaintiffs and defendants afterwards, that being 'K,' etc., the plaintiffs having paid Neal for hauling the said logs marked 'H V,' etc., they have the right under the written contract to recover from the defendants

the same for hauling such logs as Neal would have been entitled to recover of the defendants if he had not been paid therefor by the plaintiffs. That is, the plaintiffs can recover precisely as if they were Neal himself. They stand in his shoes. That would be $5 per M for the hauling; and for the driving, there being no stipulated price, a reasonable compensation therefor."

The verdict was for the plaintiffs; and the defendants moved to set it aside and alleged exceptions.

*F. A. Wilson & C. F. Woodard*, for the defendants.

*J. Varney*, for the plaintiffs.

DANFORTH, J. The exceptions in this case involve the construction of a written contract, entered into by the parties November 24, 1869. For the purpose of ascertaining its meaning, it is not only competent but highly proper to consider the circumstances under which the contract was made and the objects to be accomplished by it.

It seems that prior to the date of the writing the defendants had taken a permit for the cutting of lumber on townships Nos. 7 and 8, on Pleasant brook, and had agreed with John H. Neal to cut and haul for them at the rate of five dollars for each thousand feet. Under this arrangement Neal had cut and hauled 62,010 feet, or thereabouts, when the bargain was made with these plaintiffs to cut, haul and drive into the Mattawamkeag stream, pine logs for $7.50, and other kinds of lumber for $6.50 per M feet. The question raised is whether, under the plaintiffs' contract, the logs already cut and hauled by Neal were included in and to be paid for, as the logs cut, hauled and driven by them.

One of the provisions of the writing is that the plaintiffs shall " carry out the trade that White & Hodgdon have made with John H. Neal to cut and haul logs on Pleasant brook." It is sufficiently clear from this that, in Neal's agreement the plaintiffs assumed the obligation resting upon the defendants, and that, as between these parties, the former contract was merged in the latter. As Neal's contract was one, the merger must apply to the logs previously cut as well as those cut subsequently. So the obligation of payment assumed by the plaintiffs applied equally to both classes of lumber.

It is noticeable that in the written contract there is no provision for the repayment of the amount paid to Neal, or for the payment of any sum for driving the Neal logs, unless it is found in the provision for the payment upon all the logs, of $7.50 and $6.50 per thousand feet; and unless there is a merger of these logs with the others, no agreement can be found to drive them. Hence, if the separation contended for by the plaintiffs is to be made, they have performed a service in driving the Neal logs outside of this or, so far as appears, any contract, and for which there is no promise on the part of the defendants, express or implied, to pay; certainly no ground on which they can recover for that service under this contract; therefore the instruction that, for the driving the plaintiffs should recover a reasonable compensation, must be erroneous.

But this would seem to be satisfactorily settled by the provision further along, relating to the quantity and ownership of the logs to be hauled. The language used is this: " Bishop & Muzzey agree to cut, haul and drive into the Mattawamkeag one million feet or more, with what John H. Neal hauls. One-half of said logs are to be hauled by the thousand for said White & Hodgdon; the other half Bishop & Muzzey are to pay stumpage on and own." Here then we find an agreement on the part of the plaintiffs to drive the Neal logs with, and as a part of, those cut by themselves, and evidently in consideration of the payment before provided for. They are also to drive one-half by the thousand and to own one-half of said logs. The words " said logs " can only refer to those mentioned in the previous sentence, and those included the Neal logs; consequently the plaintiffs must own one-half of the Neal logs in the same way as one-half of those cut by themselves.

The conduct of the parties in carrying out the provisions of the contract, may throw some light upon their understanding of it, but it cannot control its construction. Were it so, it would be necessary to submit the question of its meaning to the jury, as the testimony upon this might be conflicting, or the inferences to be drawn from it uncertain.

Nor is there any question of election arising from " inconsistent

positions " by way of estoppel involved. If any such could have arisen, it is now too late to invoke it. The plaintiffs have for their remedy resorted to an action upon the contract, and by its provisions fairly construed they must abide. If, by any course of conduct on the part of the defendants, or by any construction they have given the contract, they have induced the plaintiffs to adopt a course of conduct they otherwise would not have done, the matter of estoppel may apply. But that would be a question for the jury, and does not arise under these exceptions.

Our conclusion is, that all the logs cut by Neal under the agreement referred to in the contract in question, are to be included in and treated in all respects as the logs cut by the plaintiffs.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.